21893. BIBB COUNTY *v.* WORTHEN.

STEPHENS, J. 1. Where, because of the presence of road machinery left by the county upon a portion of a paved roadway on a fill or embankment approaching a bridge, and which is a part of the bridge, automobiles can not remain entirely upon the pavement in passing around the obstruction, but the outer front and the rear wheels are forced off the paved portion of the roadway and onto a portion of the roadway which is unpaved and is several inches below the pavement, and automobiles in this situation are, in order to remount the pavement at the entrance to the bridge and avoid running into the abutment of the bridge, forced to make a sharp turn to the left, such condition of the roadway constitutes a defect in the bridge, as was held by the Supreme Court in answer to a certified question in this case. *Bibb County* v. *Worthen,* 177 *Ga.* 178 (169 S. E. 751).

2. Where an automobile which is being towed along by another automobile is damaged by running into an abutment to the bridge when remounting the pavement off which the automobile has been forced by the obstruction in the road, it is a question for the jury whether the proximate cause of the damage was the negligence of the county in maintaining the bridge in the defective condition indicated.

3. The petition set out a cause of action and was good as against the demurrer. The court did not err in overruling the demurrer.

*Judgment affirmed. Sutton, J., concurs. Jenkins, P. J., absent on account of illness.*

DECIDED SEPTEMBER 23, 1933.

*S. M. Mathews,* for plaintiff in error. *T. A. Jacobs Jr.,* contra.